**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION**

| | | |
|---|---|---|
| Marquice Robison, | ) | |
| 5343 Garfield St. | ) | |
| Hannibal, MO 63401 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| vs. | ) | Division No. |
| | ) | |
| Santander Consumer USA, Inc., | ) | |
| P.O. Box 562088 | ) | |
| North Dallas, TX 75247 | ) | |
| | ) | |
| Defendant. | ) | |

<u>**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**</u>

Marquice Robinson (Plaintiff), by her attorneys, KROHN & MOSS, LTD., alleges

the following against the Santander Consumer USA, Inc.(Defendant):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices

   Act, *15 U.S.C. 1692 et seq.* (FDCPA).

**JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that   such

   actions may be brought and heard before "any appropriate United States   district   court

   without regard to the amount in controversy," and *28 U.S.C. 1367* grants   this   court

   supplemental jurisdiction over the state claims contained therein.

3. Because Defendant is located in the state of Missouri, personal jurisdiction is

   established.

4.  Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

5.  Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

6.  Plaintiff is a natural person who resides in Hannibal, Marion County, Missouri, and is allegedly obligated to pay a debt, and Plaintiff is a "consumer" as that term is defined by *15 U.S.C. 1692a(3)*.

7.  According to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

8.  Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

9.  Defendant is a collection agency with an office in North Dallas, Texas.

10. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is  defined by *15 U.S.C. § 1692a(6)*.

11. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

12. Defendant constantly and continuously placed collection calls to Plaintiff seeking and demanding payment for an alleged debt.

13. Defendant places collection calls to Plaintiff even after Defendant has spoken with Plaintiff that day.

14. Defendant places collection calls to Plaintiff before 8a.m. and after 9p.m.

15. Defendant placed collection calls to Plaintiff stating on at least one occasion that "until you pay the car payment you will be called."

16. Defendant places collection calls to Plaintiff without properly identifying itself.

17. Defendant places collection calls to Plaintiff's mother, sister, coworker and friend and tells them that they need to get a hold of Plaintiff because she owes a car payment.

18. Plaintiff has sent a cease and desist letter but Defendant continues to call.

19. Plaintiff has asked Defendant to stop calling but Defendant continues to call.

20. Defendant failed to provide Plaintiff with a debt validation letter.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

21. Defendant violated the FDCPA based on the following:

   a. Defendant violated *§1692(b)(2)* of the FDCPA by disclosing that Plaintiff has debt to third party without permission of Plaintiff.

   b. Defendant violated *§1692(b)(3)* of the FDCPA by contacting third party without permission of Plaintiff.

   c. Defendant violated *§1692(c)(a)(1)* of the FDCPA by contacting Plaintiff without Plaintiff's permission at unusual times before 8a.m. and after 9p.m. that Defendant should have known to be inconvenient to Plaintiff.

   d. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff.

   e. Defendant violated *§1692d(5)* of the FDCPA when Defendant caused Plaintiff's

telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

f.   Defendant violated *§1692g(a)(1-5)* by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

WHEREFORE, Plaintiff, MARQUICE ROBINSON, respectfully requests judgment be entered against Defendant, SANTANDER CONSUMER USA, INC. for the following:

22. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

23. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C.   1692k*,

24. Actual damages,

25. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection   Practices  Act, *15 U.S.C. 1692k*

VERIFIED COMPLAINT                                        4

26. Any other relief that this Honorable Court deems appropriate.


RESPECTFULLY SUBMITTED,

By:/s/ Adam C. Maxwell
[ ] Adam C. Maxwell
 Bar No: 5249607
Attorney for Plaintiff
Krohn & Moss, Ltd.
120 W. Madison Street
10th Floor
Chicago, IL 60602
(312) 578-9428
e-mail: amaxwell@consumerlawcenter.com


## DEMAND FOR JURY TRIAL

PLEASE  TAKE  NOTICE  that  Plaintiff,  MARQUICE  ROBINSON,  hereby  demands
trial by jury in this action.

Anne Alisha

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MISSOURI

Plaintiff, MARQUICE ROBINSON, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, MARQUICE ROBINSON hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

_3-4-10_
Date

_Marquice Robinson_
MARQUICE ROBINSON

VERIFIED COMPLAINT                                                                 6